GEORGIA,
Chatham Co.
JAN. 1806.

Hoskins and
Morel
vs.
Morel.

*Minutes of Superior Court, letter F. p. 224.*

HENRIETTA HORSKINS, and PETER H. MOREL

*vs.*

JOHN MOREL, Applicant for Letters of Administration of the
estate and effects of HENRIETTA B. JONES, deceased.

## CAVEAT, AND APPEAL FROM THE COURT OF ORDINARY,

*Jones*, Judge,

IT appears that the court of ordinary did, on hearing the
parties in this case, order, that letters of administration (with
the will annexed) of the estate and effects of *Henrietta B.
Jones*, deceased, be granted to Mrs. *Henrietta Horskins*, upon
her giving bond with Doct. *John Irvine* and *Edward Harden*,
in the sum of ten thousand dollars. From whose decision
*Peter Henry Morel* entered an appeal. On the part of the
applicant it is alleged : *First.* That he is nearest of kin to
the said *Henrietta B. Jones. Second.* That he is principal sur-
viving heir of the said *Henrietta B. Jones;* and *Third.* That
*Zachariah Horskins*, late husband of the said *Henrietta Hors-
kins*, and administrator of the estate of *Henrietta B. Jones,*
committed (in his life time) waste on the estate of the said
*Henrietta B. Jones.* It would be, therefore, improper to
grant administration to his widow, who, in all probability,
will be administratrix of her husband, the said *Zachariah
Horskins;* and on the part of *Henrietta Horskins* it is contend-
ed, that, admitting she stands in equal affinity with *Peter Henry
Morel* to the deceased, she has a preferable right to the ad-
ministration, because of her greater interest arising under the
will. That she is residuary legatee under the will, of one
fourth of the estate, real and personal ; that Mr. *Morel* has
no original interest, and that, in regard to his secondary in-
terest, in virtue of his right to a distributive share of the
lapsed legacies, Mrs. *Horskins* standing in the same degree

11 Viner, Ab.
92. 182. et note
to Wood's Inst.
349.

Price v. Parks.
1Sid. 280. Tho-
mas vs. Butler.
1 Vent. 219.
Cited in 3 Bac.
55. et vid. Go-
dolph, 230.

of affinity, her interest must be increased in an equal ratio with his, on this ground, and probably in greater from the circumstance of her being residuary legatee. The waste, alleged to have been committed by *Zachariah Horskins*, in his life time, is denied; and it is stated he made a will, and appointed an executor other than the said *Henrietta Horskins*. It is also contended, that administration follows the interest, and that Mrs. *Horskins* is entitled to preference, in consequence of her possessing the greater interest. For that our own statute directs, that the rules, relating to distribution, shall have equal application in granting administration, and refers cases not specially provided for, to the course of decisions to common law. Dig. 217. That by the law of England, if two be in equal degree of affinity, the ordinary may grant to which he pleases. 2 Tuck. Blk. 504. But this is to be understood as between applicants, whose claim rests wholly upon their affinity. For it is laid down, that administration must be granted where the estate ought legally to go. 4 Coke, 51. cited in 3 Mod. 63. Toller's Law of Errors, 85 —87. And farther, the reason why administration is granted to the next of kin, is, the presumption that the deceased intended to prefer him, and this presumption is destroyed where there is a residuary legatee. 11 Viner, Abridged, 92. 182. et note Wood, Inst. 349.

If the executor refuse or die intestate, administration is to be granted to the residuary legatee, in exclusion of the next of kin, Price *vs*. Parks, 1 Sid. 280. Thomas *vs*. Butler, 1 Vantrie, 219. cited in 3 Bacon, 55. et vid. Godolph, 230.

The caveatrix and caveator, in this case appellant, claim an equal degree of affinity to *Henrietta B. Jones*, deceased, but *Henrietta Horskins* claims a preferable right, of her greater interest, for that, under the will she is residuary legatee of one quarter of the estate real and personal. The precedents cited and arguments used by her counsel demonstrate this right. Wherefore the order made in this case, by the court of ordinary is confirmed.

> *Harris*, for Applicant.
> *Davis* and *Berrien*, for Respondents.